UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WOODROW FLEMMING,

       Plaintiff,

   -v-          No. 9:15-CV-30
              (DNH/TWD)

DAVID ROCK, et al.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:         OF COUNSEL:

WOODROW FLEMMING,
Plaintiff Pro Se
P.O. Box 146
New York, NY 10039

HON. ERIC T. SCHNEIDERMAN    HELENA LYNCH, ESQ.
Attorney General for the State of New York  Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

  Pro se plaintiff Woodrow Flemming brought this civil rights action pursuant to 42 U.S.C. § 1983. On January 5, 2016, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, advised by Report-Recommendation that defendants' motion to dismiss be granted in part and denied in part. She recommended the motion be granted as to plaintiff's Eight Amendment excessive force claim against defendants Fifeld, Laramary, King, Bishop

and Zerniak, and plaintiff's Eight Amendment claim for failure to provide adequate medical care against defendant Waterson.  She recommended the motion be denied as to plaintiff's Eighth Amendment excessive force claim against defendants Nason, Cook, and Russell.  Defendants timely filed objections to the Report-Recommendation.  See ECF No. 18.

## II. BACKGROUND[1]

Plaintiff alleges that on January 14, 2013, he was assaulted by defendants Nason, Cook, and Russell in violation of the Eighth Amendment.  He alleges that, while being transported from the holding cell to his cell, he was "assaulted, beat[en], hit and drag[ged] and force[d] to hop."  ECF No. 16, ¶¶ 6, 16.  As a result, plaintiff alleges he was seriously injured on his back, leg, hand, wrists, arms, hip, thumb and knees.  ECF No. 1, at 9.  Plaintiff further contends that defendants knew he required support while walking, and that he his heart, back, knees, legs, hips and head ailed him, and that he also suffered from asthma and COPD.  ECF No. 16, ¶ 6.

## III. DISCUSSION

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations.  See 28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the magistrate judge's recommendations to which a party objects.  See Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  "If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-

---

[1] Only those facts directly pertinent to the objections will be recounted here.  For a full statement of plaintiff's allegations, reference is made to the Report-Recommendation.

recommendation only for clear error." Layou v. Crews, No. 9:11–CV–0114, 2013 WL 5494062, at *1 (N.D.N.Y. Sept. 30, 2013) (Kahn, J.) (citing Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011) (summary order)). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

In her Report-Recommendation and Order, Magistrate Judge Dancks recommended, among other things, that defendants' motion to dismiss be denied as to plaintiff's Eight Amendment excessive force claim against defendants Nason, Russell and Cook. ECF No. 17, at 14-15. Judge Dancks found that, notwithstanding the complaint's lack of specificity, the complaint must be liberally construed in light of plaintiff's pro se status and that the facts alleged "arguably could indicate that the correction officers may have acted wantonly." ECF No. 17, at 11.

It is unnecessary to repeat here the well-settled standard for granting a motion to dismiss a claim. See e.g., Parker v. DeBuono, 2000 U.S. App. LEXIS 31542, at *2 (2d Cir. 2000) (stating that "under § 1983, a complaint must contain specific allegations of fact which indication a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983") (internal quotations and citations omitted).

Pursuant to Fed. R. Civ. P. 8, all pleadings must be construed as to do substantial justice. However, the pleadings of pro se litigants are generally construed with even more liberality than is required under Fed. R. Civ. P. 8. Cusamano v. Sobek, 604 F. Supp. 2d 416, 445 (N.D.N.Y 2008) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers .")

(internal quotation marks and citation omitted)).  "The rationale for extending this special liberality to the pleadings of pro se litigants is that, generally, pro se litigants are unfamiliar with legal terminology and the litigation process."  <u>Cusamano</u>, 604 F. Supp. 2d at 445.  Thus, there are instances in which "an overly litigious inmate, who is quite familiar with the legal system and with pleading requirements, may not be afforded the special liberality or solicitude that is normally afforded pro se litigants."  <u>Id</u>. (internal quotation marks and citations omitted).

Plaintiff's litigation history came to bear in this action when he applied for in forma pauperis ("IFP") status.  <u>See</u> ECF No. 3.  And his litigation history bears repeating here.  Specifically, since 2005, plaintiff has filed forty-three civil actions in this district, with thirty-two being prisoner rights claims.  <u>See</u> ECF No. 3, at 2, n. 1.[2]  At the time of this decision, eight of plaintiff's cases are still pending in this district.  <u>Id</u>.  And since 2010, plaintiff has filed an additional two complaints in the Eastern District and another ten in the Southern District.[3]

It is difficult to think of a more experienced and vexatious pro se plaintiff.  In fact, plaintiff's current complaint is nearly identical to the complaint he filed in <u>Flemming v. Santamore</u>, No. 9:15-CV-29 (DNH/CFH).[4]  In that 2015 case, Magistrate Judge Christian F. Hummel revoked plaintiff's IFP status for making material misrepresentations to the court.

---

[2] *U.S. Party/Case Index*, PACER (last visited Feb. 3, 2016), http://pacer.uspci.uscourts.gov/cgibin/dquery.pl.

[3] *2d Cir. Case Search*, PACER (last visited Feb. 3, 2016), https://jenie.ao.dcn/ca2-ecf/cmecf/jsp/CaseSelectionTable.jsp

[4] Both complaints consist of a partial copy of the Northern District's form civil rights complaint, followed by several typed pages that set forth plaintiff's claims and factual allegations he relies on in support of those claims in twenty causes of actions.  Compare Compl. ECF No. 1 with <u>Flemming v. Santamore</u>, No. 9:15-CV-29 ECF No. 1.  The same can be said with respect to other pleadings plaintiff has filed in this district.  See e.g., <u>Flemming v. Rendle</u>, No. 9:14-CV-384 (GLS/ATB), ECF No. 7; <u>Flemming v. Zerniak</u>, No. 9:14-CV-1458 (MAD/DEP), ECF No. 1.

Flemming v. Santamore, 2015 U.S. Dist. LEXIS 143261, at *14-15 (N.D.N.Y. Oct. 21, 2015).[5]
And upon review, it is fair to say that this complaint is a copy of the *Flemming v. Santamore* complaint, except plaintiff has changed the dates of the incident complained of, and some – but not all – of the names of the defendants against whom his claims in this action are asserted.[6] See ECF No. 3, at 4, n. 5.

In light of the foregoing, it is indisputable that plaintiff has ample experience litigating and has particular experience in this district. And to permit an experienced pro se litigant to retain his special status – despite his litigation experience – would "tilt the scales of justice unfairly in favor of the pro se litigant. . . ." Standley v. Dennison, 2007 U.S. Dist. LEXIS 102265, at *27 (N.D.N.Y Mar. 30, 2007). Thus, plaintiff should not be afforded the special solicitude that is generally afforded to pro se litigants.

Bearing in mind that plaintiff does not receive the benefit of having the complaint liberally construed, he has failed to state a plausible claim against defendants Nason, Cook and Russell. As Magistrate Judge Dancks noted in her Report and Recommendation, plaintiff's complaint lacks "specificity" and is "largely conclusory." ECF No. 17, at 11. Plaintiff has failed to allege "enough facts" to "nudge [his] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also Ashcroft v.

---

[5] It should be noted that this Court adopted Magistrate Judge Hummel's Report and Recommendation in its entirety.

[6] Plaintiff has a history of substituting various defendants in otherwise nearly identical complaints. Here, Numerous individuals are mentioned in the body of the complaint, but are not named defendants. For example, Santamore and Rendle are mentioned throughout the complaint. Santamore is a defendant in *Flemming v. Santamore*; Rendle and Santamore are defendants in Flemming v. Rendle, No. 9:14-CV-384 (GLS/ATB). Plaintiff also alleges that "Lacy, Clancy, Wentzel, Gokey, and Ellsworth Deprive plaintiff of Due process of liberty interest," Compl. at 9-10, and that "Merkel, Hyde and Preve . . . and Santamore did cause plaintiff to loss [sic] his lawsuits," id. at 16. Lacy, Clancy, Wentzel, Gokey and Ellsworth are not named in this action, but they are defendants in Flemming v. Zerniak; Santamore, Hyde and Preve are not named in this action, but are defendants in Flemming v. Rendle.

Iqbal, 556 U.S. 662, 677 (2009) (The pleading must be "more than an unadorned, the-defendant-unlawfully-harmed me accusation.") (internal citations omitted).

## IV. CONCLUSION

Accordingly, the Report-Recommendation and Order will be adopted in part and rejected in part.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is **GRANTED**; and

2. The complaint is **DISMISSED**.

The Clerk is directed to file a judgement accordingly and close the file.

IT IS SO ORDERED.

United States District Judge

Dated: February 16, 2016
    Utica, New York.

-6-